HEARD APRIL TERM, 1876.

## DAVIS *vs.* VAUGHAN.

A Circuit Judge has no power to extend the time prescribed by Section 370 of the Code of Procedure for taking an appeal from a Trial Justice.

BEFORE COOKE, J., AT GREENVILLE, MARCH TERM, 1875.

This was an action by Thomas W. Davis against John Vaughan to recover the possession of personal property. It was brought before a Trial Justice, and on the 17th of December, 1874, judgment

therein was entered for the plaintiff. The defendant, on the same day, prepared a written notice of appeal and served the same on the Trial Justice. The case was placed on the docket of the Circuit Court, and on March 12, 1875, the plaintiff made an affidavit that the notice and grounds of appeal had never been served, and that he was constantly at his place of business, in the city and County of Greenville, for more than five days immediately succeeding the trial of the case before the Trial Justice.

On March 12, 1875, a motion was made on behalf of the plaintiff to strike the case from the docket of the Circuit Court. The motion was denied, and His Honor ordered that the defendant have until the first day of May to complete the appeal. From this order the plaintiff appealed to this Court, and now moves that the said order be reversed.

*Earle & Wells*, for appellant, cited Dwar. on Stat., (Pot. ed.,) 225; Code, §§ 370 and 371; *Humphrey* vs. *Chamberlain*, 1 Ker., (11 N. Y.,) 274; *Wait* vs. *Van Allen*, 8 Smith, (22 N. Y.,) 319; *Caldwell* vs. *The Mayor &c., of Albany*, 9 Paige, 572; *The Bank of Monroe* vs. *Widner*, 11 Paige, 529; *Butler* vs. *Salles*, 13 Smith, (27 N. Y.,) 698; *Cotes* vs. *Carroll*, 28 How. Pr. R., 436.

*Grey & Vance*, contra.

June 7, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. This case was heard and determined by a Trial Justice upon whom notice of appeal with the grounds stated was duly served according to Section 370 of the Code of Procedure, General Stautes, 659. The respondent below was not served, nor does it appear that there was any effort on the part of the appellant to comply with the requirements of Section 371 of the Code, General Statutes, 659, relative to the perfecting of appeals from such inferior Courts. The time allowed by the statute in which to appeal had expired and the Circuit Judge granted further time to permit a compliance by the appellant with the required conditions.

The only question before the Court is, when the time limited by the Act for perfecting appeals from inferior Courts has expired, has a Circuit Judge the right to extend it?

The object of the provision was to establish a uniform system by a designated period in regard to such appeals, and within such

they must be held. A Circuit Judge has no power to change the time so allowed by law, and thus render it fluctuating at his will, according to what he may suppose the exigencies and the circumstances of the particular case demand. In Potter's Dwarris on Statutes, page 255, it is said: "Whenever a statute imposes terms and prescribes a thing to be done within a certain time, the lapse of even a day is fatal, because no Court can admit of any terms but such as directly and precisely satisfy the law."

Our statute prescribes the exact time in which an appeal may be taken from an inferior Court to the Circuit Court, and when that time has expired the right is lost and cannot be restored by the interposition of a Circuit Judge.

In the State of New York, where the Code affixed the time within which an appeal may be taken, it has been held that it cannot be allowed after its expiration. Judge Denio, upon this subject, says: "The Code prescribes the time within which an appeal may be taken from the special to the general term, and it was not in the power of the Court to extend that period, or to allow an appeal when the time had been suffered to expire."—*Humphrey et al.* vs. *Chamberlain*, 1 Kernan, (11 N. Y.,) 274. Again this same doctrine is fully sustained in the case of *Wait* vs. *Van Allen*, 8 Smith, (22 N. Y.,) 319.

The motion must be granted.

*Moses*, C. J., and *Willard*, A. J., concurred.